UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Stanley Shawn Davis, | ) | C/A No. 5:17-cv-02824-JMC-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, and Lt. Loyd, | ) | |
| Defendants. | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.  Factual Background

Stanley Shawn Davis ("Plaintiff") alleges that he was stabbed by a fellow inmate seven times while Defendant Loyd was supposed to be observing the pill line where the stabbing occurred, but was away from his duty post. ECF No. 1 at 3. Plaintiff does not allege that Defendant Loyd or anyone else at the South Carolina Department of Corrections ("SCDC") had prior notice of the danger posed to Plaintiff by the fellow inmate who stabbed him. However, Plaintiff does allege that Defendant Loyd was aware that he was being attacked yet did not take steps to stop the attack or protect Plaintiff. *Id*. As relief, Plaintiff requests a transfer to a different prison and punitive damages. *Id*. at 5.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.   Discussion

Plaintiff's Complaint is subject to summary dismissal because he fails to seek relief that this court can grant against either of his Defendants. As previously stated, Plaintiff seeks only punitive damages and a transfer to another prison. First, a litigant may not obtain an award of

2

punitive damages in absence of an award of compensatory or nominal damages. *See Liberty Mut. Fire Ins. Co. v. JT Walker Indus., Inc.*, 554 F. App'x 176, 189-90 (4th Cir. 2014) (citing *McGee v. Bruce Hosp. Sys.*, 545 S.E.2d 286, 288 (S.C. 2001)). Here, Plaintiff does not request an award of either compensatory or nominal damages and he makes no general damage request, thus, his requested punitive damages are unavailable under this pleading.

Second, this court cannot order SCDC to transfer Plaintiff to another prison. Plaintiff has no protected constitutional interest in being housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983) (inmates have no due process right to choose their specific place of confinement); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (same). The placement and assignment of inmates into particular institutions or units are discretionary functions and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 & n. 1 (4th Cir.1984) (collecting cases). There does not appear to be any basis under Plaintiff's Complaint for this court to place any limitation on official discretion; therefore, this court cannot grant the relief that Plaintiff requests.

Finally, even if Plaintiff had requested compensatory or nominal damages, this court could not award them against SCDC because it is immune from damage claims under the Eleventh Amendment to the United States Constitution.[1] The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. As a state agency, SCDC is considered an integral part of the State of South Carolina. *See* S.C. Code Ann. § 24-1-30 (statute creating the

---

[1] Plaintiff could still seek compensatory or nominal damages against individual Defendant Loyd. However, the court offers no opinion or recommendation as to whether Plaintiff might prevail or be entitled to such damages.

3

agency of SCDC); *Fla. Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same); *Laudman v. Padula*, No. 3:12-2382-SB, 2013 WL 5469977, at *7 (D.S.C. Sept. 30, 2013) (dismissing claims against state agency). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

IV. Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this action *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

December 6, 2017  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).